**RAMAPOUGH MOUNTAIN INDIANS and Silent Wolf, Chief, Ramapough Mountain Indians, Appellants**

v.

**Gale A. NORTON, Secretary, United States Department of the Interior, et al., Appellees**

No. 00–5464.

United States Court of Appeals, District of Columbia Circuit.

Dec. 11, 2001.

Before GINSBURG, Chief Judge, and ROGERS and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion.  *See* D.C. Cir. Rule 36(b).  For the reasons stated in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the district court's Memorandum Opinion and Order granting summary judgment to appellees is hereby affirmed.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing.  *See* D.C.Cir. Rule 41.

*MEMORANDUM*

The Ramapough Mountain Indians, Inc., ("RMI") is a group of people living on the New York and New Jersey border who in 1979 filed a petition for federal recognition as an Indian Tribe. In 1993 the Bureau of Indian Affairs issued a Proposed Finding denying federal recognition. Subsequently, a Final Determination was issued in 1996. The Interior Board of Indian Appeals affirmed the denial in significant part while remanding for reconsideration of several issues. In 1998 the Assistant Secretary for Indian Affairs ("the Secretary") issued a Reconsidered Final Determination also denying the petition. RMI then sought reversal in the district court, which granted summary judgment to the Secretary. On appeal, RMI contends that the Secretary erred in a number of significant ways in reaching the decision to deny its petition.

Under the regulations for recognition as an Indian Tribe, the petitioner is required to meet each of seven criteria. Mandatory criteria for Federal acknowledgment, 25 C.F.R. §§ 83.7(a)—(g). Upon consideration of RMI's contentions and a review of the record, we hold that the Secretary permissibly concluded that the evidence presented by RMI to establish that it met criterion (e) is too limited. Although criterion (e)—which requires the petitioner to show that its membership consists of individuals who descend from an historical Indian tribe—allows a wide range of evidence to show that the criterion is satisfied, section 83.6 of the regulations requires "thorough explanations and supporting documentation" and permits the denial of a petition "if there is insufficient evidence that it meets one or more of the criteria." 25 C.F.R. § 83.6(c), (d). The Bureau of Indian Affairs elaborated on these standards when it stated that "a criterion is not met if the available evidence is too limited to establish it, even if there is no evidence contradicting facts asserted by the petitioner." Procedures for Establishing that an American Indian Group Exists as an Indian Tribe, 59 Fed. Reg. 9280, 9280 (Feb. 25, 1994) (codified at 25 C.F.R. pt. 83).

Here, the Secretary refused to make an assumption of specific tribal ancestry on the basis of 19th and 20th Century descriptions of RMI ancestors as Indian because RMI provided no documentation that these ancestors "descended from any known historical tribe of North American Indians." RMI does not contest that it is unable to provide such documentation; rather, RMI maintains that the Secretary had circumstantial evidence from which it could reasonably be inferred that there was a tribal connection. *See* Appellants' Reply Br. at 27 ("[I]t is likely that these 'Indian' identifications indicate Lenape Tribal descent. Indeed, BIA found that no other Tribal group had migrated to the Ramapough Mountains. Thus, the only reasonable conclusion is that RMI descend from the Lenape Indians."). Because the regulations require some documentation of tribal descent and RMI has provided none, this court cannot conclude that the Secretary was arbitrary and capricious in requiring documentation or clearly erred in refusing to make the inference urged by RMI where the evidence was as limited as it was.

We agree that RMI has presented strong arguments regarding the Secretary's failure to apply the nonautomatic provisions of criterion (b), her refusing to accept RMI's endogamy study covering the pre–1870 period, her unexplained alteration of the time period during which RMI satisfied criterion (b) and accompanying failure to notify RMI of such change, her consideration of 19th Century geographical and genealogical evidence, the occasional

application of a primary-source rule, and the application of an inappropriate conclusiveness standard at various points of her analysis. We affirm, however, without reaching those issues because to receive federal recognition RMI had to demonstrate that it met all seven of the criteria in section 83.7, and the Secretary reasonably concluded that criterion (e) was not satisfied. 25 C.F.R. § 83.6(c).